IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PAUL FRANKLIN BENSON,       )
    Plaintiff,                          )
                                               )
v.                                              )      3:08-CV-1506-D
                                               )
MICHAEL ASTUE, et al.,           )
    Defendants.[1]                     )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This appears to be a *pro se* social security appeal.

Parties: Plaintiff is a resident of Desoto, Texas. Defendants are Michael Astrue, Commissioner of Social Security, and the Social Security Administration. No process has been issued in this case pending preliminary screening.

Findings and Conclusions: On August 28, 2008, the Magistrate Judge issued a notice of deficiency and order to Plaintiff. The order notified Plaintiff that the complaint failed to comply with Rule 8(a), Federal Rules of Civil Procedure, and that his motion for leave to proceed *in forma pauperis* was insufficient to determine whether he was entitled to proceed *in forma pauperis*. The order directed Plaintiff to complete and file an affidavit in support of his *in forma*

---

[1] The caption reflects the parties' names as they are spelled in Plaintiff's complaint.

*pauperis* request, unless prior to that date he paid the $350 filing fee. The order cautioned Plaintiff that failure to comply would result in a recommendation that the complaint be dismissed for failure to prosecute. On October 14, 2008, the court *sua sponte* granted Plaintiff an extension to comply with the deficiency order, noting that this action may be barred if it is dismissed. As of the date of this recommendation, Plaintiff has failed to comply with the above orders, or to seek an extension of time to do so.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Plaintiff has been given ample opportunity to submit an amended complaint in compliance with Rule 8(a), and a supplemental affidavit in support of his *in forma pauperis* motion. He has refused or declined to do so. Due to the brevity and ambiguity of the pleadings, which Plaintiff filed in this action on August 27, 2008, it is impossible to determine the basis for his complaint, but it is assumed that it is an appeal from an adverse decision in response to an application for social security benefits. *See* 42 U.S.C. § 405(g).

If Benson sought review of an adverse decision by the Appeals Council, a judicial complaint would be required to be filed within sixty days following his receipt of the Appeals Council's denial. On the other hand, if no review was sought from an adverse ALJ's decision,

the court is without jurisdiction to review any denial of social security benefits. In either event dismissal of the August 27, 2008 complaint would foreclose judicial review of a denial of benefits, which is attributable entirely to Benson's failure to file an amended complaint as previously ordered on August 28, 2008. On the other hand, dismissal of this complaint will not prejudice Benson's ability to file a subsequent application for social security benefits and to seek judicial review in the event that benefits are not awarded.

When the dismissal of an action for want of prosecution under Rule 41(b) may have the effect of barring a later filed complaint alleging the same cause of action, the scope of the district court's discretion is narrower. The district court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Petitioner has a clear record of delay and contumacious conduct. During the past three months, he twice failed to respond to court orders. Nor has he filed any pleadings in this court, since the filing of his complaint on August 27, 2008, indicating that he wishes to pursue this action. The court is not required to delay disposition in this case until such time as Plaintiff decides to comply with this court's deficiency order. Therefore, this action should be dismissed for want of prosecution.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and that Plaintiff's motions for

3

leave to proceed *in forma pauperis* and to appoint counsel be DENIED as moot.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 2nd day of December, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.